IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DENNIS GRIFFITH, 01714179,<br>Petitioner,<br><br>v.<br><br>LORIE DAVIS, Director, TDCJ-CID,<br>Respondent. | No. 3:15-CV-1282-N |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

## I. Background

Petitioner is an inmate in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID). He brings this petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. Respondent Lorie Davis is Director of TDCJ-CID.

On May 27, 2011, Petitioner was convicted of three counts of aggravated sexual assault of a child. *State of Texas v. Dennis Griffith*, No. F44109 (18th Jud. Dist. Ct., Johnson County, Tex., May 27, 2011). The jury sentenced him to 99 years in prison on each count, to run consecutively.

On April 25, 2013, Petitioner's conviction and sentence were affirmed on direct appeal. *Griffith v. State*, 2013 WL 1798914 (Tex. App. – Waco, 2013). On September 18, 2013, the Texas Court of Criminal Appeals refused Petitioner's petition for discretionary review. PDR No. 0585-13.

On December 31, 2014, Petitioner filed a state habeas petition. *Ex parte Griffith*, No. 82,719-01. On April 1, 2015, the Texas Court of Criminal Appeals denied the petition without written order.

On April 27, 2015, Petitioner filed this federal petition for habeas relief. He argues:

(1) He is actually innocent;

(2) He received ineffective assistance of counsel;

(3) The prosecutor committed misconduct;

(4) The Johnson County Jail and Sheriff's Department denied him due process when they denied him access to the law library and a telephone;

(5) The trial court abused its discretion;

(6) His waiver of counsel was not knowingly and voluntarily entered; and

(7) The trial court failed to determine his competency prior to granting his motion to proceed *pro se.*

On October 2, 2016, Respondent filed a preliminary response arguing the petition is time-barred. On January 28, 2016, Petitioner filed a response. The Court now finds the petition should be dismissed as time-barred.

## II. Discussion

### A.     Statute of Limitations

Petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the AEDPA governs the present petition. *See Lindh v. Murphy*, 521 U.S. 320, 117 S. Ct. 2059, 2068, 138 L. Ed. 2d 481 (1997). The AEDPA establishes a one-year statute of limitations for federal habeas

proceedings. *See* Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996).

In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired. 28 U.S.C. § 2244(d)(1)(A).[1]

On September 18, 2013, the Court of Criminal Appeals refused Petitioner's petition for discretionary review. The conviction became final ninety days later on December 17, 2013. *See* Sup. Ct. R. 13; *see also Roberts v. Cockrell* 319 F.3d 690, 694-95 (5th Cir. 2003) (state conviction becomes final for limitations purposes when time for seeking further direct review expires regardless of when mandate issues). Petitioner then had one year, or until December 17, 2014, to file his federal petition.

The filing of a state application for habeas corpus tolls the statute of limitations. *See* 28

---

[1] The statute provides that the limitations period shall run from the latest of--

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;

    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

U.S.C. § 2244 (d)(2). Petitioner dated his state habeas petition as December 8, 2014. Under the prison mailbox rule, a prisoner's petition is deemed filed as of the date he delivers the petition to prison officials for mailing. *See Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013). In this case, however, Respondent argues that Petitioner is not entitled to the mailbox rule because the petition was not mailed from Petitioner's prison unit. Respondent notes that the postmark for the petition was from Houston, Texas while Petitioner was incarcerated in Huntsville, Texas.

The Court directed Respondent to file a copy of Petitioner's prisoner mail logs to determine if the petition was filed from Petitioner's prison unit and, if so, the date of filing. Respondent submitted the mail logs for November 30, 2014 through December 30, 2014. Although Petitioner states he delivered his petition to prison officials for mailing on November 8, 2014, the mail logs show he did not mail anything to the state or federal courts from November 30, 2014 to December 30, 2014. The mail logs show Petitioner did not mail his state petition from his prison unit. The date of the petition's filing is therefore the date it was received by the state court, which was December 31, 2014.

Petitioner's state petition for writ of habeas corpus was filed December 31, 2014. This date was after the AEDPA limitations period expired on December 17, 2014. The state petition therefore did not toll the limitations period.

Petitioner was required to file his § 2254 petition by December 17, 2014. He did not file his petition until April 27, 2015.[2] His petition is therefore untimely.

---

[2] Petitioner dated his § 2254 petition as April 2, 2015. It was received by the Court on April 27, 2015. Respondent argues the § 2254 petition, like the state habeas petition, was not mailed from the prison unit and that Petitioner is therefore not entitled to application of the mailbox rule. Respondent submitted mail logs from Petitioner's prison unit showing that from April 1, 2015, through April 20, 2015, Petitioner did not file anything with the state or federal courts. The Court therefore finds the prison mailbox rule does not apply, and that

**B.     Equitable Tolling**

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that " '[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996)). Petitioner bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

In this case, Petitioner has made no argument that he was misled by the state or prevented in some extraordinary way from asserting his rights. Petitioner has failed to show he is entitled to equitable tolling.

**C.     Actual Innocence**

Petitioner argues he should be excused from the limitations period because he is actually innocent. The Supreme Court has held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in *Schlup* and *House*, or, as in this case, expiration of the statute of limitations." *McQuiggin v.*

---

Petitioner's
§ 2254 petition was filed on April 27, 2015. Moreover, even if the Court accepted Petitioner's date of filing as April 2, 2015, the petition would still be over four months too late.

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge**        Page -5-

*Perkins*, 133 S.Ct. 1924, 1928 (2013). A petitioner who claims actual innocence, however, must submit new evidence showing "that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id.* Petitioner has failed to meet this high standard.

To support his actual innocence claim, Petitioner states that although he was proceeding *pro se* in his criminal case, the Jail failed to allow him access to the law library and a telephone. He was therefore unable to conduct research and contact potential witnesses. Petitioner submits copies of prison grievances to show that he requested access to the law library and a telephone but was denied. This evidence, however, is not new and does not establish his actual innocence. The record shows Petitioner submitted letters to the trial court before trial complaining that he was not provided access to the law library or a telephone. (*Ex parte Griffith* at 123-24, 127-30.) On April 20, 2011, and May 17, 2011, the trial court instructed the Jail to provide Petitioner with this access. (*Id.* at 109, 131.) Petitioner has failed to submit new evidence showing it is more likely than not that no reasonable juror would have convicted him in light of the new evidence. Petitioner's actual innocence claim is insufficient to excuse him from the statute of limitations.

### III. Recommendation

The Court recommends that the petition for a writ of habeas corpus be dismissed with prejudice as barred by the one-year limitation period. *See* 28 U.S.C. §2244(d).

Signed this 26 day of October, 2016.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).